Marilyn D. Berson, Esq. Assistant Corporation Counsel, Poughkeepsie
You have asked whether police officers are authorized to impound motor vehicles which are being operated by a driver without a valid operator's license, without a valid registration or without adequate insurance coverage.
Your letter notes that the City of Poughkeepsie's police officers from time to time ticket a driver for operating an automobile without insurance, registration and/or license. Section 511-b of the Vehicle and Traffic Law authorizes the officers to impound the motor vehicle if the driver is arrested or issued a summons or appearance ticket for the crimes of aggravated unlicensed operation of a motor vehicle in the first or second degree. The question that has arisen is whether the officers can impound the vehicle where the driver is not charged with the crime of aggravated unlicensed operation of a motor vehicle in the first or second degree but is nevertheless operating the vehicle without insurance, registration and/or a license.
By way of background, we note that the State has preempted the area of motor vehicle regulation (Vehicle and Traffic Law, §§ 1600, 1604). Any local regulation of motor vehicles, therefore, must be consistent with State law (see Op Atty Gen Nos. 87-39, 86-10).
The Vehicle and Traffic Law allows for the impoundment of motor vehicles only under certain circumstances. The broadest authorization is found in section 1204 which authorized the impoundment of motor vehicles found standing on highways in violation of any Vehicle and Traffic Law provision (Vehicle and Traffic Law, § 1204[a]) and any unattended motor vehicles which are illegally parked or which otherwise constitute an obstruction to traffic (id., § 1204[b][1]). Police officers have the option to arrest a driver for unlicensed operation, lack of registration or lack of insurance (authorized by Criminal Procedure Law, § 140.10; see People v Copeland, 39 N.Y.2d 986 [1976]; People vGriffin, 116 Misc.2d 751, 758 [Sup Ct, N Y Co, 1983]). If the car is otherwise left unattended following such an arrest, it can be impounded pursuant to section 1204. If impoundment is not authorized by section 1204, however, it must be authorized by some other provision of the Vehicle and Traffic Law, to which we now turn.
Section 511 of the Vehicle and Traffic Law creates three degrees of aggravated unlicensed operation of a motor vehicle. Third degree unlicensed operation is classified as an offense, and is defined as the operation of
 "a motor vehicle upon a public highway while knowing or having reason to know that his license or his privilege of operating a motor vehicle in this state or his privilege of obtaining a license issued by the commissioner is suspended or revoked" (Vehicle and Traffic Law, § 511[1][a]).
Aggravated unlicensed operation in the second degree is classified as a crime and requires actual unlicensed operation and either: (1) a previous conviction for the same within the prior eighteen months; or (2) a suspension or revocation of a driver's license based on refusal to submit to a blood alcohol test or a conviction for driving while intoxicated (id., § 511[2]). First degree unlicensed operation is also a crime and requires violation of certain elements of second degree unlicensed operation and operation while under the influence of drugs or alcohol at the time of the arrest for unlicensed operation (id., § 511[3]).
Section 511-b of the Vehicle and Traffic Law provides that a police officer may impound a motor vehicle upon making an arrest or issuing an appearance ticket for the crimes of aggravated unlicensed operation of a motor vehicle in the first or second degree. No such authority was granted with regard to the offense of unlicensed operation in the third degree. We conclude, therefore, that section 511-b contains no authority for the impoundment of a motor vehicle following issuance of an appearance ticket charging the driver with the offense of aggravated unlicensed operation of a motor vehicle in the third degree.
With regard to insurance, the Vehicle and Traffic Law provides for impoundment of a motor vehicle operated without insurance only in the event that the vehicle is involved in an accident:
 "If the owner or operator of a motor vehicle in any manner involved in an accident occuring in this state resulting in death or bodily injuries to any person fails to produce satisfactory evidence as proof of financial security within forty-eight hours after the accident, the motor vehicle shall be subject to impoundment and any peace officer, acting pursuant to his special duties, or any police officer is authorized to impound and store such motor vehicle" (Vehicle and Traffic Law, § 318[12][a]).
The penalties for operating a motor vehicle without adequate insurance are set forth in section 319 of the Vehicle and Traffic Law. Driving without insurance coverage is made a misdemeanor under section 319, the penalty for which is a fine between one hundred and one thousand dollars, fifteen days imprisonment or both (id., § 319). Furthermore, the Commissioner of Motor Vehicles may, after a hearing, revoke the operator's license of a person convicted of driving without insurance, in addition to imposing a civil fine (ibid.).
Similarly, operating an unregistered motor vehicle is prohibited by section 401 of the Vehicle and Traffic Law. Subdivisions 18 and 19 of section 401 contain the penalties for violation of this section, consisting of various fines and terms of imprisonment (Vehicle and Traffic Law, § 401[18], [19] [first setout]). No allowance is made for impoundment of unregistered vehicles.
Our review of these provisions leads us to conclude that police officers are not authorized to impound a motor vehicle following issuance of an appearance ticket for operating without insurance or registration. Because the Vehicle and Traffic Law authorizes impoundment only in a limited set of circumstances, carefully defined by statute, it would be contrary to the Legislature's intention to allow impoundment in circumstances other than those specifically authorized by statute.
We conclude that police officers may impound vehicles being operated without licenses, registrations or insurance only in accordance with the Vehicle and Traffic Law.